SAM BOWRING, an infant, by FRANCIS J. BOWRING, his next friend, *vs.* WILMINGTON MALLEABLE IRON COMPANY, a corporation existing under the laws of the State of Delaware.

*Case—Personal Injuries—Primary Duties of Master—Safe Machinery—Negligence—Contributory Negligence—Assumption of Risk—Damages.*

1. The primary duties of the master must be performed with all reasonable care and prudence for the safety of the servant, having regard to the character of the work to be performed. While the servant as to such duties assumes no risk at the time he enters upon his employment, he does assume all the ordinary risks incident to the employment, such as are patent, seen and known, or which may be seen or known by the ordinary use of his senses. The master having performed the primary duties required of him, is not an insurer of the safety of his servant.

2. If the master knows, or by the use of due diligence might know, that the machinery in use in his business is not reasonably safe, it is negligence on his part if he fails to remedy the defect. But the master would not, in such case, be liable if the servant, having knowledge of such defect, continued to use such machinery.

3. The burden of proving that the servant had knowledge, before the accident of the particular defect in the machine rests upon the defendant, unless the jury believes that the plaintiff knew or should have known of the defect complained of.

4. Where the servant engages himself in any specific work the master has the right to presume that the servant has the knowledge, experience and skill necessary for the performance of the work so undertaken, in a reasonably safe and proper manner, in the absence of knowledge to the contrary. And especially has the master the right so to presume if the servant represents or holds himself out to the employer as experienced in such work. When a person enters upon a dangerous employment he not only assumes the risk ordinarily incident thereto, but also the risk he may incur from manifest peril. He is presumed to have contracted with reference to all the hazards and risks incident to the employment.

(*July 19, 1905.*)

LORE, C. J. and PENNEWILL and BOYCE, J. J., sitting.

*Levin Irving Handy* and *Herbert L. Rice* for plaintiff.

*Thomas F. Bayard* and *J. Harvey Whiteman* for defendant.

Superior Court, New Castle County, May Term, 1905.

ACTION ON THE CASE (No. 70, May Term, 1904), to recover damages from the Wilmington Malleable Iron Company for personal injuries to the plaintiff alleged to have been caused by the negligence of said company.

See facts in charge of Court.

PENNEWILL, J., charging the jury :

Gentlemen of the jury :—This is an action brought by Sam Bowring, the plaintiff, to recover damages from the Wilmington Malleable Iron Company for personal injuries alleged to have been caused by the negligence of said company.   We decline to give you binding instructions as requested by the defendant in its first prayer. It is claimed by the plaintiff that the defendant was negligent in furnishing him with an unsafe and dangerous machine, known as a jointer or buzz plainer, to be used in connection with the work he was employed and directed to do as a pattern maker ; that in using such machine, on the first day of January 1904, at the works or shops of the defendant in this city, for the purpose of planing the surface of a board and taking therefrom an eighth of an inch cut, the board was kicked or thrown from his hands, resulting in his right hand being plunged into the revolving knives of the machine, the fingers and thumb thereof cut, torn and lacerated to such an extent that some of the fingers had to be amputated ; and that by reason of such injuries he suffered much pain, and also suffered great loss on account of his alleged inability to follow his trade of patternmaker.   The plaintiff has averred in his declaration that said machine was unsafe in several respects, but has offered evidence in support of only two of these averments : (1) That the machine was unsafe because the power used to revolve the knives was applied by such a negligent and careless arrangement of the shafts or gearing that the knives revolved at a dangerously slow rate of speed ; and (2) because the rear table of the jointer machine, between which

and the front or receiving table the knives revolved, was fixed at a lower plane or level than the periphery or highest point reached by the knives in their revolutions. The plaintiff claims that the board he was working upon at the time of the accident was kicked or thrown from his hands, and his injuries happened because of one or the other of such unsafe features of the machine, or a combination of the two; that it was the duty of the master and not of the servant, to see that said rear table, called by the plaintiff the permanent table, was at all times in a safe condition, and properly adjusted, and that the risk was not such as the servant assumed in the discharge of his duties.

The defendant company claims that the said machine was reasonably safe for the work it was designed to do and adapted to the purpose of the employment; it denies that the company was guilty of any negligence that caused the injury to the plaintiff, and insists that if there was any such negligence it was the negligence of the plaintiff and not of the defendant.

The company contends that the plaintiff made application to it for work as a journeyman pattern maker, that is, a pattern maker, who had fully served his apprenticeship at such trade and was an experienced and competent workman in the line of the employment he sought; that he was employed as such experienced workman, and that if the rear table was too low at the time he undertook the work which resulted in his injury, it was his duty to adjust it before commencing his work, and if the knives of the machine revolved dangerously slow, the danger from such cause was not latent and concealed but patent, apparent and obvious, and if the plaintiff saw fit to use the machine under such conditions, he assumed the risk and can not hold the company liable. The relation existing between the defendant company and the plaintiff at the time of the accident was that of master and servant, and the primary duty imposed upon the defendant towards the plaintiff in the course of his employment by reason of this relation was to furnish him reasonably safe tools, machinery and appliances with which to work. The tools or machinery used need not be of the safest, best nor of the most improved

kind. It is sufficient if they are reasonably safe, and adapted to the purpose of the employment. If the master fails to observe this rule of law and injury results to his servant from such failure, he becomes liable therefor on the ground of negligence. In the performance of this duty the master must use all reasonable care and prudence for the safety of the servant, having regard to the character of the work to be performed. Such care must be in proportion to the danger of the employment. The servant has the right to rely on the master for the performance of this duty without inquiry on his part. The servant assumes no risk whatever as to such primary duty at the time he enters upon his employment; but he does assume all the ordinary risks incident to the employment, such as are patent, seen and known, or which may be seen and known by the ordinary use of his senses. And he is required to exercise due care and caution in the course of his employment to avoid dangers and injuries; for the master, having performed the primary duties required of him, is not an insurer of the safety of his servants.

It is the duty of the master also to maintain said tools and machinery in a reasonably safe condition so long as they are continued in use. If the master knows, or by the use of due diligence might know that the tools and machinery in use in his business are not reasonably safe it is negligence on his part to fail to remedy and correct the defects of which he has knowledge or by the exercise of due diligence he might discover. Notice to the foreman or person in general charge of the business, that the machinery is unsafe or dangerous, is, in law, notice to the master; and after the receipt of such notice it would be negligence on the part of the master to fail to make such machinery reasonably safe for the servant in his employment. But in such case the master would not be liable if the servant having knowledge of such defect continued to use such machinery. The servant must always exercise such care and caution to avoid danger as the circumstances reasonably require, and the greater the danger the greater the care, diligence and caution required.

This action is based, as you have doubtless observed, upon neg-

ligence, and it will be for you to determine whether it was the negligence of the defendant company that caused the injuries of the plaintiff; because if they were caused by the negligence of the plaintiff himself, or of any one else, or from any cause other than the negligence of the defendant, the plaintiff can not recover. The burden of proving that it was the negligence of the defendant that caused the injury, is cast upon the plaintiff, and it must be proved to your satisfaction by a preponderance of the evidence. Negligence is never presumed and this applies as well to contributory negligence on the part of the plaintiff, and the burden of proving it rests upon the defendant, if it does not appear from the testimony produced by the plaintiff.

The burden of proving that the servant had knowledge before the accident of the particular defect in the machine likewise rests upon the defendant, unless the jury believe from the testimony of the plaintiff, or other evidence in the case, including the knowledge and experience of the plaintiff, that he knew or should have known of the defect complained of.

Negligence, in legal contemplation, is the want of ordinary care that is, the want of such care as an ordinarily prudent and careful man would use under similar circumstances. It has been defined to be the failure to observe, for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other suffers injury.

To entitle the plaintiff to recover in this action, he must satisfy you that the injuries complained of resulted from the negligence of the defendant, and that at the time of the accident he was himself without any fault which proximately entered into and contributed to his injuries. For if at that time his own negligence proximately contributed to his injuries, it would defeat his right to recover. Even though the defendant company may have been negligent on its part, yet if the negligence of the plaintiff contributed to and entered into the accident at the time of the injury, your verdict should be for the defendant, as the plaintiff in such case would be guilty of contributory negligence. Where there is contributory negligence

the law will not attempt to measure the proportion of blame or negligence to be attributed to each party.

Where a servant engages himself in any specific work, such as operating the jointer, in this case, the master has the right to pre- sume that the servant has the knowledge, experience and skill nec- essary for the performance of the work so undertaken, in a reason- ably safe and proper manner, in the absence of knowledge to the contrary. And especially has the master the right so to presume if the servant represents or holds himself out to the employer as experi- enced in such work. And when a person enters upon a dangerous employment he not only assumes the risk ordinarily incident there- to, but also the risk he may incur from manifest peril. Many em- ployments are necessarily dangerous. Some are very dangerous. The servant, however, assumes all the ordinary and usual risks of his employment, and also all the risks which he knows or ought to know, however dangerous the employment may be in which he engages. He is presumed to have contracted with reference to all the hazards and risks incident to the employment.

In determining whether the plaintiff at the time of the acci- dent was exercising due care and caution, the jury should consider all the testimony in the case having any bearing upon the point. You have heard the testimony in this case. You are the exclusive judges of the credibility of witnesses, and of the weight and value of the evidence. You should decide this case according to the evi- dence you have heard from the witnesses, and the law as the court has stated it to you. If you believe from the testimony that the machine upon which the plaintiff was working at the time he was injured was not reasonably safe for doing the work in which he was engaged, and that the injuries were caused thereby, and shall also believe that the plaintiff did not know that the machine was unsafe, and by the reasonable use of his senses could not have known it, and that the plaintiff was not guilty of any negligence that proxi- mately contributed to such injuries, your verdict should be in favor of the plaintiff; and for such sum as will reasonably compensate him for his injuries, including therein his loss of time and wages

his pain and suffering in the past and such as may come to him in the future, and for such permanent injuries as he may have sustained, as well as for any pecuniary loss from disability to earn a living in the future, as the result of such accident.

If you believe that such machine was reasonably safe for the work in which the plaintiff was engaged, your verdict should be in favor of the defendant. And even though you should be satisfied that said machine was not reasonably safe, yet if you believe that the injuries to the plaintiff were caused by the position of the rear table and such position of the table was known, or in the exercise of due care should have been known to him, and that it was his duty to properly adjust the same, your verdict should be for the defendant. And further, if you believe that said injuries were caused by the slow speed of the knives of the machine, and that the plaintiff knew, or in the exercise of due care should have known that the knives were revolving at a dangerously slow rate of speed, or if you believe that the injuries to the plaintiff were proximately caused by his own negligence, your verdict should be for the defendant.

Verdict for the defendant.